ROGERS, *by Guardian,* v. MAYES *et al., Plaintiffs in Error.*

**Homestead**: MINOR : EJECTMENT. A mother of a minor child cannot by her conveyance dispose of their homestead, and if she convey it and dies, ejectment will lie on behalf of the minor to recover its possession.

*Error to Johnson Circuit Court.*—HON. N. M. GIVAN, Judge.

AFFIRMED.

*S. P. Sparks* for plaintiff in error.

(1) The declaration of law given by the court at the instance of plaintiff was erroneous for the reason : It allowed the plaintiff to recover the possession for all time to come, notwithstanding he was only entitled at most during his minority, and the judgment should have been so limited. *Canole v. Hurt,* 78 Mo. 649 ; 1 Wag. Stat., § 5, p. 698. (2) It was the duty of the probate court under the law, *supra,* to set out such homestead to the parties entitled thereto, and according to the agreed statement the probate court set out the homestead to the widow, Sarah J. Payne. This, at least, is *prima facie* evidence that Thomas L. Rogers, the plaintiff, was not entitled to any homestead interest. 1 Wag. Stat., § 5, p. 698. (3) The instruction asked by defendants that

plaintiff was not entitled to recover only an undivided half of the premises in controversy during minority, was based upon the theory that they were tenants in common under the statute abolishing joint tenancy, in force at the time of the enactment of the homestead act. R. S., 1865, chap. 108, § 12 ; 2 W. S., § 12, p. 1352. Since the trial and appeal of this cause to this court, the above question has been passed upon in *Canole v. Hurt, supra.* In that case no allusion, however, was made to the section above referred to, which was in force at the time of the enactment of the homestead law and is as follows : " Every interest in real estate granted or devised to two or more persons other than executors or trustees, or to husband and wife, shall be a tenancy in common, unless expressly declared in said grant or devise to be in joint tenancy." The section vesting the title of the homestead in the widow and minor children, is silent as to whether they take as tenants in common or jointly, and as they take by operation of law, they would come in that class who take by "*grant*," and that the legislature meant that the estate should be governed by the general law respecting estates in real property seems beyond dispute.

*J. J. Cockrell* for defendant in error.

The form of the judgment was right. The only question in an ejectment is, who is at the time of trial or was at the commencement of the action entitled to the possession of the land in controversy ? It is not the province of the court trying an action of ejectment to define the title of the parties if the successful one is entitled to the possession at the time of the trial. Tyler on Ejectment, pp. 33, 35 ; R. S., secs. 2247, 2253, *et seq.* Counsel for plaintiff in error contends that defendant in error was a tenant in common with his mother, and as such only entitled to recover possession of one-half of the homestead. His position is without foundation. The

statute, section 12, chapter 108, Revised Statutes, 1865 ; section twelve page 1552, Wagner's Statutes, only applies to grants or devises.   The title of the widow and child to the homestead vests in them by descent or by operation of law.   The homestead law merely changes the rule of descent as to the homestead.   The section above cited was only intended to abolish joint tenancy, which can only arise by purchase or grant and never by mere operation of law.   See Cooley's Blackstone (top paging) vol. 2, book 2, pages 180, 201.   As the homestead "passes to and vests in" the widow and child by operation of law, the action of the court in setting it off is only for the purpose of ascertaining its dimensions. Hence, it is wholly immaterial whether the order mentions the names of the children or not.

HENRY, C. J.—This is an action of ejectment for the recovery of a tract of land in Johnson county.   There was a judgment for plaintiff, from which this appeal is prosecuted.   The cause was tried on an agreed state of facts, which is as follows :  James C. Rogers, father of plaintiff, died in 1873, seized of the land, his wife and plaintiff surviving him.   In 1876, the real estate in controversy was duly set off to the widow as a homestead, she having previously intermarred with Fayette F. Payne, and in 1878, she and her said husband, by deed, conveyed the premises to Amanda E. Edwards, and defendants subsequently acquired this title and are in possession of the land.   Plaintiff was born in September, 1871, and his mother died in 1881.

The court tried the cause without the intervention of a jury, and, at plaintiff's instance, declared the law to be, "that upon the facts agreed upon, and the pleadings in the case, the finding and judgment should be for the plaintiff," and refused to declare that the plaintiff and his mother were seized as tenants in common of an undivided half interest each, in the premises, during the minority of the plaintiff, and that he could only recover

an undivided one-half of the premises in controversy, during his minority. The counsel for plaintiff in error contends, that the declaration of law given for plaintiff is erroneous, because, "it allowed the plaintiff to recover the possession for all time to come, notwithstanding he was entitled, at most, only during his minority."

The action of ejectment is a possessory action. There is no allegation in his petition of the extent of his title, but only of his right to the possession. If that is an exclusive right, ·he is entitled to the entire premises, for the time that right of possession continues. If only to possession in common with others, he will have a judgment accordingly. *Canole v. Hurt,* 78 Mo. 649, does not decide otherwise. Whether the plaintiff and his mother, while they both lived, were tenants in common, or joint tenants, or what the relation between them was with respect to the land, it is not necessary to determine; it was *their* homestead, and, at her death, it was his. She had no right to dispose of it, and the parties claiming under her acquired no title as against him, which will prevent a recovery in this action. This, we think, settled by the case of *Canole v. Hurt, supra.* If it were otherwise, the head of the family dying, it is in the power of his widow, not only to deprive herself of a home, but to turn her children out of the homestead, and give it to strangers. This case illustrates the wisdom of the law makers in the provision made for the family.

Rogers died in March, 1873. His widow married again in December, 1873, and, having joined with her second husband in a conveyance of the land to strangers, died in 1881, leaving plaintiff, the only child of her first marriage, without a home if her conveyance is to be held as passing the title. The following language of Commissioner Philips, in the report of the commission in *Canole v. Hurt, supra,* will show that counsel for plaintiff in error has misconceived that case : "The construction of this act must, therefore, be that the right to hold

and enjoy the estate was in no wise interrupted by the death of the widow. The first child, during its minority, holds not by inheritance, but by virtue of the homestead law. And as the absolute fee, which the widow took, was burdened with the homestead interest and right of the first child, and as the after-born child is not claiming, nor, indeed, can claim any right under the homestead act as such, but solely by the law of descent from the mother, it takes an interest in the fee, but burdened with the paramount right to the possession of the first child, during its minority." And that was a contest between the child of the first and the child of the second marriage, and under an act which gave the widow a title as fee simple to the homestead, which is not now the law. Here it is a contest between the child of a father, who died seized of the premises, and strangers.

The judgment is affirmed. All concur.